RUSSELL S. HUMPHREY, SBN 208744
HUMPHREY LAW GROUP
1420 S. Mills Ave., Ste. H
Lodi, CA  95242
Telephone: (209) 625-8976
Facsimile:  (209) 625-8673
Email: russell@humphreylawgroup.net

Attorney for PLAINTIFFS
Cynthia and Keith Hopson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA AND KEITH HOPSON,<br><br><br>PLAINTIFFS,<br><br><br>v.<br><br>CITY OF ESCALON,<br><br><br>DEFENDANT. | Case No.<br><br>TITLE III OF THE AMERICANS WITH DISABLTIES ACT OF 1990, VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT CAL CIV. CODE §51, et seq., THE CALIFORNIA DISABLED PERSONS ACT CAL CIV. CODE §54, et seq; |

**I. SUMMARY**

1.      This is a civil rights action by Cynthia and Keith Hopson (hereinafter collectively referred to as "PLAINTIFFS") for discrimination at the building, structure, property, parking lot and land at City of Escalon properties:

City Park, 17500 Escalon Belotta Road, Escalon, California

Escalon City Hall parking lot, 1854 Main Street, Escalon, California;

Escalon Main Street parking lot, 1800-2000 Main Street, Escalon, California;

Escalon Bus Depot, 1525 Main Street, Escalon, California;

Escalon Community Center, 1055 Escalon Avenue, Escalon, California;

Escalon City Zone parking lot, 1855 Coley Avenue, Escalon, California;

Escalon Library, 1540 2nd Street, Escalon, California

(Hereinafter collectively referred to as "City of Escalon properties".)

2.      PLAINTIFFS seek damages, injunctive and declaratory relief, attorney fees and costs against

City of Escalon (hereinafter referred to as "DEFENDANT") pursuant to the American with

Disabilities Act of 1990 (42 U.S.C §§12101 et seq.) (hereinafter "ADA"), Unruh Civil Rights Act,

California Civil Code §51, et seq., the California Disabled Persons Act, California Civil Code §54.


## II. PARTIES

3.      DEFENDANT owns, operates, manages, controls and/or leases City of Escalon properties.

4.      PLAINTIFFS' have lived in San Joaquin County for over 35 years.  PLAINTIFFS' are

persons with physical impairments and are "persons with a disability" and a "physically handicapped

person" pursuant to the ADA and rules and regulations of the California Civil Code §51, et seq.


## III. GENERAL ALLIGATIONS

5.      City of Escalon properties are all "public accommodations" as defined by 42 U.S.C

§12181(7); 28 C.F.R. §36.104 and subject to the requirements of California Civil Code §51, §52..

City of Escalon properties are open to the public and intended for nonresidential use.

6.      PLAINTIFFS visited the city park located at 17500 Escalon Belotta Road on or about January 29, 2012 to watch their grandson's soccer game.  PLAINTIFFS encountered barriers that interfered with, if not outright denied, their ability to use and enjoy the goods, services, privileges and accommodations offered at the city park.

7.      PLAINTIFFS' personally encountered the following barriers:  1.)  The parking lot slope exceeded 2% grade;  2.) Surface area of the ADA parking stall access had non-compliant markings;  3.)  Transitions were not free of abrupt changes;  4.)  Parking stalls had missing signage required under the ADA;  5.)  Tow away warning signage at each facility entrance was missing.

8.      Due to the barriers encountered at DEFENDANT'S City Park property PLANITIFFS became sensitive to barriers while in the normal course of using City of Escalon properties.  PLAINTIFFS' visited the following locations and encountered barriers that interfered with, if not outright denied, their ability to use and enjoy the goods, services, privileges and accommodations offered at the City of Escalon properties

        1. Escalon Community Center, 1055 Escalon Avenue: 1.) Surface area of the ADA parking access had non-compliant markings; 2.)  Surface ISA was not compliant with ADA regulations; 3.) Transitions were not free of abrupt changes; 4.) Surface ISA wA not compliant with ADA regulations; 5.) Tow away warning signage at each facility entrance was missing.

        2. City Parking lot, 1855 Coley Avenue: 1.)  There was no identifiable access route; 2.) Individual parking stalls do not meet dimension requirements; 3.)  There was no van accessible stall; 4.) Surface area of the ADA parking access had non-compliant markings;  5.) Transitions were not free of abrupt changes;  6.) Surface ISA was not compliant with ADA regulations; 7.) Tow away warning signage at each facility entrance was missing.

3. Main Street Parking lot, 1800-2000 Main Street: 1.) There was no identifiable access route; 2.) The access aisle does not meet dimension requirements; 3.) Surface area of the ADA parking access had non-compliant markings; 4.) Transitions were not free of abrupt changes; 5.) Surface ISA was non-compliant; 6.) Curb ramps exceed 2% slope;  7.)  Top landing at curb ramp were not level;  8.)  Surface slope exceed 2% slope;  9.)  There was no detectable warning strip at pedestrian ways entering parking stalls; 10.)  Required signage was missing

4. Escalon City Hall parking lot, 1854 Main Street: 1.) There was not enough disabled parking stalls based on total number of stalls; 2.)  Existing disabled parking stalls do not meet size requirements; 3.)  There was no identifiable access route; 4.)  There was no access aisle; 5.)  There was no ADA van accessible parking stall; 6.)  ISA signage is non-compliant; 7.)  The transitions were not free of abrupt changes; 8.)  Required signage was missing.

5. Escalon Bus Depot, 1525 Main Street: 1.)  Surface ISA marking out of compliance; 2.) The transitions are not free of abrupt changes; 3.)  Surface slope exceeds 2%; 4.)The ADA surface marking are non-compliant; 5.)  There was no detectable warning strip at pedestrian ways entering parking stalls; 6.)  Required signage was missing.

6. Escalon Branch Library, 1540 2nd Street: 1.) Existing disabled parking stalls do not meet size requirements; 2.)  There was no van accessible parking stall; 3.)  The surface marking are non-compliant; 4.)  Required signage is missing.

9.      PLAINTIFF seeks injunctive relief to require DEFENDANT to remove all architectural barriers related to their disabilities and to comply with the ADA and Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") contained in 28 CFR Part 36.  In addition, PLAINTIFF seeks that DEFENDANT comply with Title 24 of the California Code of Regulations and California Building Standards Code where required.  Finally, PLAINTIFFS' seeks removal of

*Cynthia and Keith Hopson v City of Escalon*
Plaintiff's Complaint

4

all physical barriers to access, which are readily achievable, and to make all reasonable

accommodations in order to enable the disabled public the same access to the public accommodation

as the non-disabled public.

10.     PLAINTIFFS are deterred and forgo visits to City of Escalon properties based upon personal

knowledge of existing architectural barriers.  PLAINTIFFS understands they are not required to

engage in the "futile gesture" of actually returning to the inaccessible place of public

accommodation, however, PLAINTIFFS wish to return to City of Escalon properties once the

physical barriers are eliminated.


## IV. FIRST CLAIM

## VIOLATION OF TITLE III OF THE ADA

### (As to all Defendants)

11.     PLAINTIFFS incorporate the allegations contained in paragraphs 1 through 10 for this

complaint.

12.     Title III of the ADA, and the regulations promulgated thereunder, require that after January

26, 1992, all new construction and alterations of facilities for the use of a private entity be designed

and constructed in such a manner that City of Escalon properties is readily accessible to, and usable

by, individuals with disabilities.

13.     DEFENDANT discriminated against PLAINTIFFS on the basis of their disabilities and

denied PLAINTIFFS the opportunity to participate in or benefit from the goods, services, facilities,

privileges, advantages, or accommodations, in violation of 42 U.S.C. §12182(a), 42 U.S.C.

§12182(b)(1)(A)(I).

14.     Moreover, DEFENDANT'S conduct denied PLAINTIFFS, on the basis of PLAINTIFFS'

disabilities, the opportunity to participate in or benefit from a good, service, privilege, advantage or

accommodation that is equal to that afforded to other individuals in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

15.     Furthermore, DEFENDANT failed to provide PLAINTIFFS with its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to a disabled person's individual needs in violation of 42 U.S.C. §12182(b)(1)(B).

16.     **INJUNCTIVE RELIEF:**  PLAINTIFFS seek injunctive relief to prohibit the acts and omissions of DEFENDANT as complained of herein which have the effect of wrongfully discriminating against PLAINTIFFS and other members of the public who are physically disabled, from full and equal access to these public facilities.  Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of the PLAINTIFFS in that these actions treated PLAINTIFFS as an inferior and second-class citizens and served to discriminate against them on the sole basis that they are, and at all times mentioned in this complaint was, persons with disabilities.  PLAINTIFFS are currently deterred from using the subject properties and will be unable to achieve equal access to services and properties at the public accommodation so long as such acts and omissions of the DEFENDANT continue.  The acts of DEFENDANT have proximately caused irreparable injury to PLAINTIFFS and will continue to cause irreparable injury to PLAINTIFFS and to other disabled persons if not enjoined by this Court.

17.     As of the date of the filing of this complaint, the specified public accommodation continues to be inaccessible for use by physically disabled persons such as PLAINTIFFS.  PLAINTIFFS request that an injunction be ordered requiring that the DEFENDANT take prompt action to modify the aforementioned policies and public facilities to render them accessible to and usable by PLAINTIFF, and thereby make City of Escalon properties available to and usable by physically disabled persons.

1

2                                    **V. SECOND CLAIM**

3              **VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 51, et seq.**

4                                  **(As to all Defendants)**

5      18.    PLAINTIFFS hereby incorporate and re-alleges, as if fully set forth herein, each and every

6      allegation of paragraphs 1 through 17.

7      19.    California's Civil Code §51(b) requires that individuals with disabilities have "full and equal

8      accommodations, advantages, facilities, privileges or services in all establishments of every kind

9      whatsoever." DEFENDANT is, and at all times mentioned in this complaint were, violating the

10     California Civil Code §51 through failure to remove architectural and access barriers to the public

11     accommodation and also through the disparate treatment of the PLAINTIFFS.

12     20.    City of Escalon properties, complained of herein, are "public accommodations" pursuant to

13     the ADA and the California Civil Code.

14     21.    PLAINTIFFS encountered access barriers and were also subjected to disparate treatment

15     while at City of Escalon properties.

16     22.    City of Escalon properties are, and at all times mentioned in this complaint had, architectural

17     and access barriers that limited access for disabled individuals.  The accessibility denied

18     PLAINTIFFS, and other disabled persons, to the equal access and it's accommodations, advantages,

19     facilities, privileges, and services discriminated against PLAINTIFFS on the basis of their

20     disabilities.  City of Escalon properties violations are ongoing.

21     23.     DEFENDANT'S actions constitute intentional discrimination on the basis of PLAINTIFFS

22     disabilities in violation of the California Civil Code §51 in that: 1.)  DEFENDANT owned, operated

23     and maintained City of Escalon properties, and at all times mentioned in this complaint was,

24     inaccessible to disabled persons, and PLAINTIFFS in particular; 2.)  DEFENDANT failed to

*Cynthia and Keith Hopson v City of Escalon*
Plaintiff's Complaint                                                                    7

1  remove architectural and access barriers; 3.)  DEFENDANT subjected PLAINTIFFS to disparate

2  treatment when PLAINTIFFS were treated differently from other members of the public due to their

3  disabilities.

4  24.    California Civil Code §52 provides that the discrimination by DEFENDANT against

5  PLAINTIFFS on the basis of PLAINTIFF'S disability constitutes a violation of the general anti-

6  discrimination provisions of California Civil Code §51 and §52.

7

8  25.    DEFENDANT'S discrimination constitutes a separate and distinct violation of California

9  Civil Code §52, which provides that:

10     "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary

11  to California Civil Code §51, §51.5, or §51.6 is liable for each and every offense for the actual

12  damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a

13  maximum of three times the amount of actual damage but in no case less than four thousand dollars

14  ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by

15  any person denied the rights provided in §51, §51.5, or §51.6."

16

17  26.    DEFENDANT violated the California Civil Code §51 intentionally and/or with deliberate

18  indifference to the likelihood that they were violating the rights of disabled people.  In addition,

19  DEFENDANT'S violations were so intuitive or obvious that noncompliance could not be other than

20  intentional.

21

22  27.    The acts and omissions of DEFENDANT as herein alleged constitute a denial of access to

23  and use of the described public facilities by physically disabled persons within the meaning of

24  California Civil Code §51 and §52.  As a proximate result of DEFENDANT'S acts and omissions,

25  DEFENDANT discriminated against PLAINTIFF in violation of California Civil Code §51 and §52.

26

27

28

28.     Any violation of the ADA also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per California Civil Code §51(f), "(A) violation of the right of any individual under the ADA (Public Law 101-336) shall also constitute a violation of this section."

## VI.  THIRD CLAIM

## VIOLATIONS OF CALIFORNIA CIVIL CODE § 54, et seq. – THE CALIFORNIA DISABLED PERSONS ACT

### (As to all Defendants)

29.     PLAINTIFFS hereby incorporate and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 28.

30.     The California Disabled Persons Act (hereinafter "CDPA"), guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited; California Civil Code §54 and §54.1.

31.     DEFENDANT is, and at all times mentioned in this complaint are, violating the rights of disabled persons, and violated the rights of PLAINTIFFS, by denying them equal access to a public place through architectural barriers and disparate treatment.

32.     DEFENDANT owns, operates, controls and/or leases a "public place" within the meaning of the CDPA.  By failing to remove architectural barriers or to provide reasonable accommodations to the PLAINTIFFS, DEFENDANT violated PLAINTIFF'S rights under the CDPA.

33.     The actions of the DEFENDANT is, and at all times mentioned in this complaint are, in violation of the CDPA.

34.     PLAINTIFF is entitled to damages for each offense, and to declaratory relief under California Civil Code §54.3.

*Cynthia and Keith Hopson v City of Escalon*
Plaintiff's Complaint

## X. PRAYER

WHEREFORE, PLAINTIFFS pray the following:

1.      Issue a preliminary and permanent injunction directing DEFENDANT to modify its facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFFS to use goods and services offered to the non-disabled public so that DEFENDANT provides adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANT to maintain its facilities usable by PLAINTIFFS and similarly situated persons with disabilities in compliance with California and federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over DEFENDANT until such time as the Court is satisfied that DEFENDANT'S unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFFS all appropriate damages, including, but not limited to, statutory damages and general damages in an amount within the jurisdiction of the Court, according to proof;

4.      Award PLAINTIFFS all litigation expenses and cost of this proceeding, and all reasonable attorney fees as provided by law; and

5.      Grant such other and further relief as this Court may deem just and proper.

Date:  March 21, 2013.

/s/ Russell S. Humphrey
By: Russell S. Humphrey
Attorney for PLAINTIFFS
Cynthia and Keith Hopson

1
2

### DEMAND FOR JURY TRIAL

3      PLAINTIFF hereby demands a jury pursuant to FRCP 38(b) on all issues of law raised in the

4  complaint.

5  Date:  March 21, 2013.

6                                                              /s/ Russell S. Humphrey

7                                                              By: Russell S. Humphrey
                                                             Attorney for PLAINTIFFS

8                                                              Cynthia and Keith Hopson

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28